IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02-04029-01-CR-C-ODS |
| ) | |
| DONYELL JACOBS, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE

Pending is Defendant's motion to reduce sentence based on the Amendments 706 and 711 to the United States Sentencing Guidelines. The Government opposes the motion because the Amendments will not alter Defendant's guideline range. While the Government's observation is correct, the Court agrees with Defendant that this is only because of an inexplicable mathematical decision embodied in the guidelines.

Defendant plead guilty to one count of distributing cocaine base. The Presentence Report determined the amount of cocaine base involved was 11.70 grams, and an additional 3.07 grams of PCP was considered as relevant conduct. If only cocaine base was involved, the base offense level was 26; however, because two drugs were involved both were converted into equivalent amounts of marijuana for sentencing purposes. Under the Guidelines then in effect, one gram of cocaine base equaled 20 kilograms of marijuana, and one gram of PCP equaled one kilogram of marijuana. Thus, the cocaine base was converted to 234 kilograms of marijuana, which would have generated the same offense level of 26 that was generated when it was treated as cocaine base. The PCP was converted to 3.07 kilograms of marijuana, for a total of 237.07 kilograms of marijuana. This also resulted in a base offense level of 26; demonstrating the amount of PCP was too small to affect Defendant's guideline calculations. Three levels were deducted for Defendant's acceptance of responsibility, resulting in an Adjusted Offense Level of 23. Defendant's criminal history category was

V, so his sentencing range was 84 to 105 months; he was sentenced to 84 months of custody.

The Amendments previously identified were intended to alleviate the Guidelines' disparate treatment of offenders convicted of possessing different forms of cocaine. This was accomplished essentially by reducing the offense levels formerly associated with cocaine base by two levels. Thus, under the amended guidelines, 11.07 grams of cocaine base results in a Base Offense Level of 24. However, when this is converted to marijuana – which is only done due to the need to combine the two drugs – the amended guidelines treat the 11.07 grams of cocaine base as 187.2 kilograms of marijuana, which generates a Base Offense Level of 26 *before* the PCP is considered. The PCP is still treated as 3.07 kilograms of marijuana, which does not change Defendant's offense level.

Defendant is in an odd situation: when originally sentenced, the Guidelines utilized a conversion table that treated his crack cocaine the same regardless of whether it was regarded as crack cocaine or converted to marijuana. The Amended Guidelines – which are intended to reduce disparities between cocaine base and cocaine powder – treat his crack cocaine more harshly when it is converted to marijuana than when it is left as crack cocaine. This conversion is done simply to add a small amount of a second drug – an amount so small that it actually has no effect on the sentence.

This differing treatment is inexplicable. Theoretically, if Defendant had a negligible amount of any drug other than crack cocaine, he would be subject to a harsher sentence simply because of the need to account for the drug that is too insignificant to otherwise affect his sentence. Stated another way, the same amount of crack cocaine is treated differently depending upon whether it is the only drug involved. Finally, this discrepancy does not occur at all points in the sentencing table. This harsher treatment occurs for some defendants and not others depending on how much crack cocaine is involved. Ironically, the harshest effect is felt by those with less drugs. Cf. United States v. Horta, 534 F. Supp. 2d 164 (D. Me. 2008); United States v.

Watkins, 531 F. Supp. 2d 943 (E.D. Tenn. 2008). These inconsistencies suggests a mathematical error in the table and not a deliberate policy choice.

The Government argues the Court cannot apply Amendments 706 and 711 because they "do[ ] not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). However, the Court concludes the amendments effectively lower his guideline range, as any interpretation or application to the contrary is the product of oversight, error, or arbitrariness, and not a considered policy decision. Blind adherence to the aforementioned anomalies is also inconsistent with 28 U.S.C. § 994(f), which requires that the guidelines "provide[e] certainty and fairness in sentencing and reduc[e] unwarranted sentence disparities." Nothing could be more unwarranted than differing treatment that is inconsistently and inexplicably applied.[1]

In this case, the PCP is acknowledged as having no independent effect on Defendant's sentence because the quantity of PCP is too small to be a factor. Therefore, the Court will apply the amended offense level applicable to 11.07 grams of cocaine base, which is level 24. Subtracting three levels for acceptance of responsibility results in an Adjusted Offense Level of 21. Given Defendant's Criminal History Category of V, his new guideline range is 70 to 87 months.
IT IS SO ORDERED.

DATE: April 11, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The applicability of 18 U.S.C. § 3553(a) and *United States v. Boooker*, 543 U.S. 220 (2005), is unsettled. If this were a full-fledged sentencing proceeding, there would be no doubt about the Court's discretion to reach the result announced herein. However, this is not a full-fledged sentencing proceeding, but only a sentence correction.

3

Case 2:02-cr-04029-NKL   Document 23   Filed 04/11/08   Page 3 of 3